UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**CHAPTER 13 PLAN**

IN RE:                                      )
    ROBERT E. MCMULLIN and              )   Case No. 10-12740 BLS
    BRENDA J. MCMULLIN,                 )
        Debtors.                        )

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL.BANKR.L.R. 3023-1**

    1.   The future earnings of the debtor are submitted to the supervision and control of the court and the debtor (or debtor's employer) shall pay to the trustee the sum of $2,411.00 for sixty (60) months.

    2.   From the payment so received, after deduction of allowed trustee's commission, the trustee shall make disbursements as follows:

    (a)   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

    (1)   Debtor's Counsel Fees: $1805.00; Attorney fees to be paid prior to other disbursements.

    (2)   Priority Taxes: 1) Payment to the IRS for 2008-2009 income taxes in the amount of $10,036.00.

    (b)   Pro rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (1a)   Long term or mortgage debt- ARREARAGE ONLY, to be paid to BSI Financial Services on the mortgage $0.00 (total amount of arrears).  Regular payments to be made directly by the debtor(s) beginning September 2010.

    (2a)   Secured debt – Payments to BB&T for the 2008 Ford Focus in the total amount of $12,395.00, which represents a PAYOFF ($11,217.00 plus 4% interest).  *NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED **HEREIN** AS A SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. SECTION 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. 506(a); (Upon payment of the secured portion of the debt, ALL secured creditors WILL return titles to the Debtor's vehicles FREE AND CLEAR of liens.)*  (Debtors shall maintain insurance to the extent of the value as listed and shall be paid only as creditors' interest may appear.)

**CHAPTER 13 PLAN**

IN RE:                                    )
    ROBERT E. MCMULLIN and             )      Case No. 10-12740 BLS
    BRENDA J. MCMULLIN,                )
        Debtors.                      )

    (2b) Secured debt – Payments to Boeing Helicopters Credit Union for the 2005 Dodge Ram in the total amount of $10,447.00, which represents a PAYOFF ($9,454.00 plus 4% interest). *NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED **HEREIN** AS A SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. SECTION 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. 506(a);* (Upon payment of the secured portion of the debt, ALL secured creditors WILL return titles to the Debtor's vehicles FREE AND CLEAR of liens.) (Debtors shall maintain insurance to the extent of the value as listed and shall be paid only as creditors' interest may appear.)

(c) Subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly proved and allowed as follows: General unsecured creditors will be paid a pro rata amount of their allowed claim. ($104,433.00 means test, 93.05%)

    If distribution to unsecured creditors is <100% under the confirmed plan, should Debtor(s) sell/refinance real estate during the plan term, Debtor(s) agree the net equity realized shall be subject to distribution to creditors pursuant to modification requirements 11 U.S.C. 1329.

    3.   (If applicable) The following leases or executory contracts of the debtor will be treated as follows: N/A.

    4.   Title to the debtor's property shall revest in the debtor on confirmation of the plan.

    5.   A proof of claim must be filed in order to share in distribution under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, DE 19899. (Copies should be mailed to Jacqueline Feely, Esquire, 1202 Kirkwood Highway, Wilmington, DE 19805).

Dated: 08/31/2010                      /s/ ROBERT E. MCMULLIN
                                         Debtor's signature

/s/Jacqueline Feely, Esquire
Attorney for Debtor(s)

                                         /s/ BRENDA J. MCMULLIN
                                         Debtor's signature

**PLAN ANALYSIS**

Debtor: Robert & Brenda McMullin          Case #:10-12740 BLS

Prior: Bankruptcy ( )  Chapter 13 ( )          Date:

Estimated length of plan sixty (60) months     Trustee Use

                                          341 Meeting Date: _____

                                          Continued: _____

                                          Confirmed Date: _____


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  TOTAL PRIORITY CLAIMS (Class One)
    1.  Unpaid attorney's fees..........................$ 1805.00
    2.  Taxes .........................................$10036.00
    3.  Other .........................................$
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two)......$
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three)...$22872.00
D.  TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four).$104433.00
E.  SUBTOTAL..........................................$130146.00
F.  TOTAL TRUSTEE COMPENSATION(10% of debtor's payments)$14460.66
G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES.............$144606.67

_____

                RECONCILIATION WITH CHAPTER 7

H.  INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
    1.  Value of debtor's interest in non-exempt property........$
    2.  Plus: value of property recoverable under avoiding powers$
    3.  Less: estimated chapter 7 administrative expense.........$
    4.  Less: amounts payable to priority creditors other than
            costs of administration ..........................$
    5.  Equals: estimated amount payable to Class 4 creditors
             if Chapter 7 filed (if negative, enter zero).....$
I.  ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7............$
J.  ESTIMATED DIVIDEND UNDER PLAN................................$


/s/Jacqueline Feely, Esquire          /s/ ROBERT E. MCMULLIN
Jacqueline Feely                      Debtor
Attorney for Debtor(s)


                                      /s/ BRENDA J. MCMULLIN
                                      Debtor